**M.F. BOSTIC; John Hayes; Greg Hill; George Jeffreys; Salty Miller; Jack Oliver; Roger Page; Lee Pinno; John Starling; Marshall Thomas and Glen Watson, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 84–1344.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 3, 1984.

Decided Feb. 7, 1985.

Robert D. Sokolove, Washington, D.C. (Linda S. Matlin; Kornblut & Sokolove on brief) for appellants.

J. Carol Williams, Dept. of Justice, Washington, D.C. (David Gayer, U.S. Dept. of the Interior, John Scheibel, Asst. Gen. Counsel, Federal Emergency Management Agency, F. Henry Habicht, II, Asst. Atty. Gen., Washington, D.C., Samuel T. Currin, U.S. Atty., H. Robert Showers, Asst. U.S. Atty., Raleigh, N.C., Martin W. Matzen, Dept. of Justice, Washington, D.C., on brief), for appellee.

Before WINTER, Chief Judge, HALL and SNEEDEN, Circuit Judges.

PER CURIAM:

Plaintiffs are developers and landowners of property on Topsail Island in North Carolina. They complain that the Coastal Barrier Resources Act (the Act), 16 U.S.C. §§ 3501 *et seq.*, erroneously designates their land as part of an undeveloped coastal barrier. Plaintiffs allege that this mistaken designation, which disqualifies certain construction on the property for federal flood insurance, denies them substantive due process. The district court denied their motion for interim injunctive relief and dismissed their complaint. *Bostic v. United States*, 581 F.Supp. 254 (E.D.N.C. 1984). They appeal and we affirm.

I.

Understanding plaintiffs' arguments on appeal requires a brief description of the challenged Act. Section 4 of the Act creates the Coastal Barrier Resources System, which comprises various undeveloped coastal barriers located on the Atlantic and Gulf Coasts of the United States. The section incorporates by reference a set of maps, and states that the undeveloped coastal barriers "identified and generally depicted on the maps" are part of the System. 16 U.S.C. § 3503(a). These maps "have the same force and effect as if included" in the Act itself. 16 U.S.C. § 3503(b). Designating property as part of the System renders it ineligible after Octo-

ber 1, 1983 for federal flood insurance on either new construction or substantial improvements to existing structures. 42 U.S.C. § 4028.

Section 3 of the Act defines the term "undeveloped coastal barrier." The definition prescribes certain qualifying physical characteristics. It also describes such barriers as containing "few manmade structures" which "do not significantly impede geomorphic and ecological processes...." 16 U.S.C. § 3502.

Plaintiffs concede that a § 4 map designates their property as included in the Coastal Barrier Resources System. This designated area is part of Topsail Island, which is approximately two-thirds developed. The entire island is equipped to allow tie-in with sewage and water systems. Cable television, electrical and telephone services are established. The island has a sixty-five foot overhead bridge, streets, and two highways, one running the entire length of the island. The island also has a number of houses, most of which are located outside the part of the island included in the system. Because the island is near a military installation, a large number of people associated with the installation live on the island.

## II.

■ Plaintiffs first contend that their land does not satisfy the Act's own definition of an "undeveloped coastal barrier" contained in § 3 of the Act, 16 U.S.C. § 3502. Thus, they argue, the property cannot rationally be included in the Coastal Barrier Resources System.

The short answer to this argument is that the § 3 definition is informational only, suggesting the general guidelines Congress used in designating areas as "undeveloped coastal barriers." The controlling designation of land included in the System is made in § 4 of the Act, 16 U.S.C. § 3503. Since one of the § 4 maps designates the Topsail property at issue as an undeveloped coastal barrier, Congress unquestionably intended to include that property in the System. The district court opin-

ion correctly develops this thesis based on clear statutory language and even clearer legislative history. *Bostic*, 581 F.Supp. at 259. We rely on that discussion.

## III.

■ Plaintiffs further contend that designating their property as an undeveloped coastal barrier covered by the Act lacks a rational justification.

We reject this argument, since the challenged designation has a substantial relation to the Act's objectives. The Act serves "to minimize the loss of human life, wasteful expenditure of Federal revenues, and the damage to fish, wildlife, and other natural resources ... by restricting future Federal expenditures and financial assistance which have the effect of encouraging development of coastal barriers...." 16 U.S.C. § 3501. Here, withdrawing the federal flood program from certain development on the less developed portion of Topsail Island prevents wasteful subsidies for construction that would not be feasible if developers had recourse only to the private insurance market. Withdrawing such federal largess also lessens the incentive to build on a coastal barrier subject to flood damage, thereby minimizing "the loss of human life."

■ Finally, we do not doubt that Congress could properly conclude it was desirable to fix with specificity the coastal barriers within the System, as it did in § 4. This clear-cut designation avoids litigation and dispute over what portion of what barrier or island satisfies the necessarily imprecise description of "undeveloped coastal barrier" found in § 3. In making a classification as to what is included and what is excluded " 'perfection is by no means required.' " *Vance v. Bradley*, 440 U.S. 93, 108, 99 S.Ct. 939, 948, 59 L.Ed.2d 171 (1979) (quoting *Phillips Chemical Co. v. Dumas Independent School District*, 361 U.S. 376, 385, 80 S.Ct. 474, 480, 4 L.Ed.2d 384 (1960)). *See also Dandridge v. Williams*, 397 U.S.

471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970).

AFFIRMED.